IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN MIKELL,<br>Plaintiff,<br><br>vs.<br><br>JABULANI SIBANDA, *Corrections Facility Chaplaincy Program Director*; ABUBAKAH MUHAMMAD, *Corrections Chaplain*; MICHAEL DECARLO, *Corrections Food Service Manager 1*; WALLY DITTSWORTH *Corrections Food Service Manager 2,*<br>Defendants. | Civil Action No. 14-1112<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br>Re: ECF Nos. 46 and 47 |

## OPINION

**KELLY, Chief Magistrate Judge**

Presently before the Court are cross Motions for Summary Judgment: one filed by Plaintiff Damien Mikell ("Plaintiff"), ECF No. 46, and one filed by Defendants Jabulani Sibanda, Corrections Facility Chaplaincy Program Director; Abubakah Muhammad, Corrections Chaplain; Michael Decarlo, Corrections Food Service Manager 1; and Wally Dittsworth, Corrections Food Service Manager 2 (collectively, "Defendants"), ECF No. 47. For the reasons that follow, Plaintiff's Motion for Summary Judgment, ECF No. 46, is denied and Defendants' Motion for Summary Judgment, ECF No. 47, is granted.

**I.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its

existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

## II. BACKGROUND

Plaintiff filed the operative Complaint on October 31, 2014. ECF No. 8. Therein, he alleged only one claim - a violation of his First Amendment right to the free exercise of religion based on his failure to receive daily Suhour (pre-dawn) and Iftar (after dark) meals during the 2012 Ramadan fast during which he was incarcerated at SCI Greene. Id. Defendants filed an Answer on March 9, 2015. ECF No. 22. On May 25, 2016, Plaintiff filed the instant Motion for Summary Judgment. ECF No. 46. On May 27, 2016, Defendants filed the instant Motion for Summary Judgment and documents in support thereof. ECF Nos. 47-50. Also on May 27, 2016, Defendants filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment. ECF No.

2

52. On July 12, 2016, Plaintiff filed a Response to Defendants' Motion for Summary Judgment, ECF No. 56, as well as a Response to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 55. The Motions for Summary Judgment are now ripe for consideration.

## III. DISCUSSION

### A. Facts

The material facts of this case are undisputed. Plaintiff was transferred from SCI Rockview to SCI Greene on July 19, 2012. ECF No. 46 ¶ 5; ECF No. 51 ¶ 5. On July 20, 2012, the first day of Ramadan, Plaintiff sent a request slip to the chaplain of SCI Greene, asking to be put on the Ramadan participation list. ECF No. 46 ¶ 10; ECF No. 51 ¶10. On July 21, 2012, Plaintiff sent the dietary department of SCI Greene a request slip asking to be placed on the Ramadan participation list. ECF No. 46 ¶ 12; ECF No. 51 ¶ 12. On July 23, 2012, Plaintiff received from Defendant Dittsworth a response to his July 21, 2012, request slip to the dietary department wherein Dittsworth informed Plaintiff that would have to write to "the religious department" on this matter. ECF No. 46 ¶ 13; ECF No. 51 ¶ 13. On July 25, 2012, Plaintiff received a packet of information and a participation form concerning observance of Ramadan at SCI Greene, including the Ramadan fast. ECF No. 46 ¶ 14; ECF No. 51 ¶ 14. On the same date, Plaintiff returned the form to the chaplaincy department, indicating that he would observe Ramadan. ECF No. 46 ¶ 15; ECF No. 51 ¶ 15. As of July 30, 2012, Plaintiff was placed on the Ramadan participation list. ECF No. 46 ¶ 16; ECF No. 51 ¶ 16.[1] Despite placement of his name on the Ramadan participation list, Plaintiff did not receive daily Suhour and Iftar meals during the remainder of 2012 Ramadan fast. ECF No. 46 ¶ 17; ECF No. 51 ¶ 17. Plaintiff received

---

[1] There is some discrepancy about this date; at times, the parties indicate that it was July 25, 2012. See, e.g., ECF No. 56 at 4; ECF No. 51 ¶ 16. However, because Plaintiff's claim does not concern any delay between July 25, 2012, and July 30, 2012, the Court will utilize the later date.

3

regular meals during the majority of this time. ECF No. 49 ¶¶ 28-31. Plaintiff filed grievances on this matter on August 13, 2012, and September 6, 2012. ECF No. 49 ¶¶ 33, 34; ECF No. 50-1 at 26, 37. Ramadan ended on August 18, 2012. ECF No. 49 ¶ 11.

## B.    First Amendment Claim

Prison inmates retain the protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion, to the extent consistent with their status as prisoners and with the legitimate penological objectives of the corrections system. Payne v. Doe, 636 F. App'x 120, 123 (3d Cir. 2016). To analyze this type of claim, the Court typically would evaluate the presence of certain factors to determine whether a prison regulation alleged to infringe upon constitutional rights is reasonable. See id. at 123-24 (citing factors outlined in Turner v. Safley, 482 U.S. 78 (1987)).

However, in the instant case, Plaintiff does not allege that any regulation of SCI Greene infringed upon his constitutional rights, nor does Plaintiff allege that SCI Greene prohibited him from inclusion on the Ramadan participation list. Indeed, Plaintiff acknowledges that he was so included. ECF No. 46 ¶ 16. Instead, Plaintiff's lawsuit is based on his failure to receive the Ramadan meals after he was placed on the Ramadan participation list, the cause of which he neither alleges nor establishes via any evidentiary showing.[2] Plaintiff faults Defendants only for their failure to "rectify/resolve the problem, i.e., ensure [P]laintiff began receiving [the Ramadan meals]." ECF No. 46 at 7-8.

---

[2] Defendants advance a theory that Plaintiff was not provided the Ramadan meals because his acceptance of regular meals disqualified him from receiving the Ramadan meals. ECF No. 52 at 7 (citing ECF No. 50-1 at 53, the "Ramadhaan Fast Inmate Participation Form 2012" for SCI Greene which lists reasons for being removed from the fast such as eating during daylight hours without valid excuse and attending regularly scheduled meals in the dining hall during the fast). Defendants also argue that all that Plaintiff had to do once he signed up for Ramadan participation on July 25, 2012, was to refuse to receive any more regular meals because he was on the Ramadan participation list and a check of the list would have confirmed his status. ECF No. 52 at 8.

4

Defendants correctly characterize Plaintiff's claim as one properly sounding in negligence.[3] ECF No. 52 at 5. Although we are sensitive to the fact that Plaintiff did not receive certain Ramadan meals in 2012, the allegations and evidence proffered by Plaintiff do not establish a First Amendment claim. Thus, as to Plaintiff's sole claim of a violation of his First Amendment right to the free exercise of religion, Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 46, is denied and Defendants' Motion for Summary Judgment, ECF No. 47, is granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 28th day of November, 2016, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Plaintiff, ECF No. 46, is DENIED. IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants, ECF No. 47, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, any party wishing to appeal from this Order must do so within thirty (30) days of the docketing of the entry of the Judgment Order, filed this day, by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff disagrees with this characterization without providing any legal analysis. ECF No. 56 at 5.

5

cc: Damien Mikell
DM-6559
SCI Forest
P.O. Box 307
Marienville, PA 16239-0307

All Counsel of Record Via CM-ECF